*Pittman v. Halloran, et al.*
Case No.: 23 CV 14786

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marcelous Pittman, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:23-cv-14786 |
| | ) |
| v. | ) |
| | ) Judge Nancy L. Maldonado |
| John Halloran, *et. al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF MARCELOUS PITTMAN'S FIRST
REQUEST TO PRODUCE DOCUMENTS TO ALL DEFENDANTS**

Plaintiff, Marcelous Pittman ("Plaintiff"), by his undersigned attorneys, propounds the following Request for the Production of Documents to Defendant City of Chicago and Individual Defendants, pursuant to Federal Rule of Civil Procedure 33 and the applicable local rules, to be answered under oath and in writing within thirty days after service hereof.

**DEFINITIONS**

1. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the possession and/or control of Defendant or known by Defendant to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any document with any marks or notations, including but limited to: initials; routing instructions; date stamps; and any comment, marking or notation of any character, is to be considered a separate document.

2. "Plaintiff" refers to Plaintiff Marcelous Pittman.

3. "Defendant Officers" shall refer to John Halloran, James O'Brien, Michael Clancy, Ronnie Lewis, John L. Foster, Eileen O'Donnell, John Henry, P. McCormack, and James Breen, as well as their counsel and any consultants, experts, investigators, representatives, agents or other persons acting on their behalf.

4. "Defendants" shall refer to all defendants in this action, including the Individual Defendants and Defendant City of Chicago.

5. "County Defendants" shall refer to Defendant Karen Wehrle and Defendant Cook County.

6.  The "City of Chicago" or the "City" shall refer to Defendant City of Chicago, including its subdivisions, departments, agencies, police departments, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, including but not limited to the Independent Police Review Authority ("IPRA"), the Civilian Office of Police Accountability ("COPA"), the Office of Professional Standards ("OPS"), and the Internal Affairs division of the Chicago Police Department, as well as, where the clear meaning is not destroyed by the addition, any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on their behalf.

7.  The terms "Chicago Police Department," "the Department," or "CPD" shall refer to the Chicago Police Department, and all of its subdivisions, departments, agencies, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on the Department's behalf.

8.  "Investigators" shall mean any persons who materially participated in the investigation of the October 31, 2001, shooting of Officer Patrick Doyle ("Investigation of the Patrick Doyle Shooting" as defined below). The term includes not only Defendants but also any other law enforcement officers, co-workers, colleagues, assistants, agents, or advisors who materially participated.

9.  "Investigation of the Patrick Doyle Shooting" or "Investigation" shall mean any actions taken by any Defendant Officers or other investigators in to determine what occurred, why, and who was responsible for the shooting of Officer Patrick Doyle on October 31, 2001, and alleged attempted shooting of Vashon Prince. This term is not limited to the actions leading to the prosecution of Marcelous Pittman but rather includes actions taken with respect to any other possible suspects, witnesses, physical evidence, or leads. The term also is not limited to the actions of Defendants but includes actions taken by any persons fitting the definition of Investigators. The term also is not limited to the period before Plaintiff was charged with the shooting but instead encompasses any investigation that took place after he was arrested and charged.

10. "Plaintiff's Complaint" shall mean the operative complaint in this case.

11. "Department" shall mean City of Chicago Police Department and its employees.

12. "Identify" with respect to a Person, shall mean to provide that Person's name, address and telephone number; with respect to a Document, "identify" shall mean to provide the date of the document, the author of the Document, the subject matter of the Document and, where applicable, all recipients of the Document; with respect to a Communication, "identify" shall mean to identify the Person making the Communication, to provide the date and subject matter of the Communication and to identify all Persons receiving the Communication.

13. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning

or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

14. "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means. This includes but is not limited to letters, memos, e-mails, notes, correspondence, recording, or the like.

15. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

16. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include singular, and use of a masculine, feminine or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

17. "Complaint/s" shall refer to any complaint or criticism relating in any manner to a police officer's job performance, whether ultimately deemed (un)sustained, (un)founded, or any other disposition. This includes, but is not limited to, all citizen complaints made to the Department's Office of Professional Standards or Internal Affairs Division, all complaints made internally by co-workers, and all lawsuits filed in state or federal court alleging police misconduct.

18. "Street File" is defined as all Documents pertaining to a police investigation that are not provided to the prosecutor and/or the defendant for a pending criminal proceeding relating to that police investigation. This includes but is not limited to Documents that were not submitted to the Records Division of the Chicago Police Department for inclusion into the Permanent Retention File associated with a particular RD number, or which are not included in the Investigative File, the Investigative File Case Folder, or the Unit Investigative File. The definitions of "Street File" that are contained in *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988), and *Palmer v. City of Chicago*, 576 F. Supp. 1067 (N.D. Ill. 1983), are incorporated as if fully stated herein. The term "street files" may include "running files"; files maintained on "clipboards"; and/or "officer files." To be clear, the term "Street Files" refers to all of the Documents from these Street Files, including any detective notes, memos and Witness Statements contained therein.

19. "Permanent Retention File" is the file pertaining to a particular criminal investigation that is maintained by the Records Division of the Chicago Police Department and stored in the Records Division warehouse.

20. "Investigative File" shall have the meaning given to it in Special Order 83-1 and/or Special Order 86-3.

21. "Investigative File Case Folder" shall have the same meaning attributed to it in Special Order 83-1 and/or Special Order 86-3.

22.     "Witness Statement" includes any statement by an individual, made either orally or in writing, and memorialized in a GPR or supplementary report, or by a stenographer, police officer or Assistant State's Attorney. Witness Statements also include any such statements by an individual that were not memorialized in any fashion.

23.     "You" and "Your" shall refer to the Defendant responding to these Requests, as well as, where the clear meaning is not destroyed by the addition, all counsel, consultants, experts, investigators, representatives, agents or other Persons acting on such Defendant's behalf.

## INSTRUCTIONS

1.      Unless otherwise stated, the relevant time period for each of Plaintiff's discovery requests shall be beginning five years before the date of the Patrick Doyle shooting (October 31, 2001) and continuing until the conclusion of this litigation.

2.      Pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, an objection to part of a request must specify the part and produce, or permit inspection, of the rest.

3.      In the event that You withhold documents pursuant to objection, please identify the withheld documents pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

4.      In the event that You claim a privilege regarding any of the information sought in Plaintiff's discovery requests, please state the privilege claimed and provide a privilege log of any and all Documents that You have withheld on the basis of the privilege asserted, including the number of pages in each Document withheld, the type of Document withheld, and the date(s) of the Document withheld, so that the claim of privilege may be adjudicated.

5.      In the event that You redact any information from any Document produced in response to Plaintiff's discovery requests, provide a log identifying the basis and nature for each redaction.

6.      Documents that are stored electronically shall be produced in their native format with all metadata intact, unless the parties agree to production in a different format.

7.      Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

8.      If there are no Documents in Your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which You have no responsive Documents in your possession, custody, or control.

9.      If any Documents responsive to Plaintiff's discovery requests are known by You to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

10.     In the event that any Document requested or identified by any discovery request

has been destroyed or lost, please produce any accompanying records of destruction and supplement your response to Plaintiff's First Set of Interrogatories.

11.     If you contend that any terms used in any of Plaintiff's requests are vague, ambiguous, or overbroad, please produce with your response all documents that you agree fall within the scope of discovery, as required by Federal Rule of Civil Procedure 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing, with your responses, any categories of documents actually or potentially withheld, as required by Federal Rule of Civil Procedure 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request and provide any definitions and/or limitations that you are employing in your interpretation.

12.     These Requests are continuing in nature.

## **REQUESTS FOR PRODUCTION**

1.     All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

2.     All Documents relating to the Investigation of the Patrick Doyle Shooting, and the investigation, arrest, interrogation, lineup, identification, charging, or prosecution of Plaintiff for that shooting, including but not limited to any and all police reports, collected evidence, forensic and other testing results, DNA profiles, lab reports, logs, notes, handwritten notes, charts, instrument and computer print outs, crime scene photographs, photographs or reports of live or photo lineups or arrays, photographs of the Plaintiff or other witnesses, electronically stored information, Communications, photographs, and videos.

3.     All Documents relating to the Investigation of the Patrick Doyle Shooting, and the investigation, arrest, interrogation, lineup, identification, charging, or prosecution of Plaintiff for that shooting, stored within each and every unit of the Chicago Police Department, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

4.     All transcripts, video recordings, tape recordings, radio and emergency transmissions, or other electronic audio or visual communications (or Documents memorializing the same) relating to: (1) the Investigation of Patrick Doyle Shooting or (2) the subjects described in Plaintiff's Complaint.

5.     Any witness statements relating to the Investigation of Patrick Doyle Shooting or any of the events described in Plaintiff's Complaint.

6.     All Documents relating to Plaintiff, including but not limited to color copies

of any photographs taken of Plaintiff.

7. All Documents relating to any questioning, interview, or interrogation of Marcelous Pittman, including but not limited to video recordings, audio recordings, photographs, Communications, police reports, investigative notes, handwritten notes, testing results, or readouts.

8. All Documents relating to any questioning, interviewing, or interrogation of Plaintiff and any witnesses questioned and/or interviewed in the course of the Investigation of the Patrick Doyle Shooting. This includes but is not limited to video recordings, audio recordings, photographs, Communications, police reports, investigative notes, handwritten notes, testing results, or readouts. This also includes but is not limited to any interviews or conversations with witnesses that occurred after Plaintiff was arrested and charged in connection with the shooting.

9. All Documents containing, constituting, or memorializing between any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the Defendants' defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties or in response to Interrogatories. This Request includes but is not limited to all Communications (a) between any of the Defendants or their employees or agents and Plaintiff; (b) among any of the Defendants or their employees and agents; (c) between any Defendants or their employees or agents and any third-party, including other law enforcement agencies; and (d) with the Cook County State's Attorney's Office or United States Attorney's Office.

10. All Documents, including Defendants' personal notes, that summarize, reflect, or describe any activities undertaken during the Investigation of the Patrick Doyle Shooting.

11. Any Documents, including personal notes or the personal file of any Investigators, that were not included in the official file for the Investigation of the Patrick Doyle Shooting, or that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings and that summarize, reflect, or describe any activities undertaken during the Investigation of the Patrick Doyle Shooting.

12. All Documents, including notes and police reports, that summarize, reflect, or describe any lineup (whether live or photo array), show up, witness identification, or witness interview conducted during the Investigation of the Patrick Doyle Shooting.

13. All Documents or evidence that would tend to show that Plaintiff was not guilty of the shooting of the Patrick Doyle Shooting. This includes any evidence that would tend to undermine the credibility of any witness who provided evidence during the Investigation of the Patrick Doyle Shooting.

14. All Documents relating to the investigation, questioning, interview, arrest, interrogation, charging, or prosecution of any person whom you have ever considered a suspect during the Investigation of the Patrick Doyle Shooting, through the present day.

15. All Documents, including but not limited to documents comprising Communications, relating to the following persons: Marcelous Pittman, Gertrude Fulton, Eric Plunkett, Sherri Shannon, Inez Parker, Vashon Prince, Lenita Williams, Andrew Webb, David Brown, Derrell L. Owens, Martinez Webb, Brandon Webb, Jovan Webb, Christopher Caldwell, Timothy Jackson, and any other person interviewed and/or interrogated as part of the Investigation of the Patrick Doyle Shooting.

16. All documents, including but not limited to all arrest reports, IR jackets, rap sheets, and mugshots, Polaroids and other photographs, and any other records associated with any of the IR#s, CB#s, and each and every individual identified as a participant in any lineup (whether live or photo array), show up, witness identification, or witness interview conducted during the Investigation of the Patrick Doyle Shooting.

17. All Documents that comprise records of physical evidence relating to the Investigation of the Patrick Doyle Shooting.

18. All physical evidence relating to any of the allegations in Plaintiff's Complaint or the Defendants' defenses to Plaintiff's Complaint.

19. All Documents that you will rely upon at trial to suggest that there was probable cause to suspect Plaintiff of involvement in the shooting of Patrick Doyle.

20. All Documents relating to a photo array or live lineup identification procedures that were conducted by Area 1 Detectives in any location during the Investigation of the Patrick Doyle Shooting, including by not limited to the photos shown to Gertrude Fulton, Eric Plunkett, Sherri Shannon, Inez Parker, Vashon Prince, Lenita Williams, Andrew Webb, David Brown, Derrell L. Owens, Martinez Webb, Brandon Webb, Jovan Webb, Christopher Caldwell, Timothy Jackson or any other individuals, including but not limited to lineup reports, supplemental reports, evidence reports, crime scene processing reports, photographs, rap sheets, and other investigative material prepared in connection with photo or live lineups. This request also includes evidence, such as photographs, maintained at the Evidence and Recovered Property Section, Crime Lab, and other units of the Chicago Police Department.

21. All Area 1 Detective Division Daily Major Incident Logs from October and November 2001.

22. All Documents that would be relevant to determining the locations or movements of any Individual Defendant on the dates described in Plaintiff's Complaint, such as police reports, arrest lists, ticket books, log sheets, daily activity reports, etc.

23. Documents sufficient to show your location, movements, and assignments throughout October and November 2001.

24. Maps, floor plans, and photographs of all Chicago Police Department facilities

in which Plaintiff and any witness or suspect in the shooting of Patrick Doyle was interrogated or questioned, as those facilities existed in October and November of 2001.

25. Any Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the City of Chicago or the Chicago Police Department at any time during the Investigation of the Patrick Doyle Shooting or at any time during any event or circumstance described in Plaintiff's Complaint.

26. All Documents relating to any City of Chicago investigation or internal investigation (*e.g.*, internal affairs, IPRA, OPS, COPA, employee discipline, disciplinary review, police board etc.) undertaken in connection with the events described in Plaintiff's Complaint, including any and all attachments and any investigator notes.

27. All Documents relating to any Cook County investigation or internal investigation undertaken in connection with the events described in Plaintiff's Complaint, including any and all attachments and any investigator notes.

28. All Documents relating to any City of Chicago investigation or internal investigation (e.g., internal affairs, IPRA, OPS, COPA, employee discipline, disciplinary review, police board etc.) into any Defendant named in Plaintiff's Complaint, including any and all attachments and any investigator notes.

29. All Documents relating to any Cook County investigation or internal investigation (e.g., internal affairs, IPRA, OPS, COPA, employee discipline, disciplinary review, police board etc.) into any Defendant named in Plaintiff's Complaint, including any and all attachments and any investigator notes.

30. All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants. This request specifically seeks but is not limited to (a) a print out of your disciplinary history with information sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint, and (b) the complete file for each Complaint within the period specified in this request.

31. The complete personnel file, employee file, or contractor file for any of the Individual Defendants, including internal affairs files, training records, and disciplinary records.

32. All documents relating to any criminal investigation of any Defendant, including but not limited to Communications about any such investigation.

33. All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intend to move *in limine* to bar any references to convictions not identified in the manner requested.

34. All Documents obtained via third party subpoena in this litigation, including but not limited to court records, prosecutors' records, employment records, medical records, prison/jail records, or any other records.

35. All Documents provided to you by or obtained by you from any of Plaintiff's criminal defense attorneys or their investigators or agents.

36. All Documents provided to you by or obtained by you from any of the prosecutors and states attorneys or their investigators or agents involved in Plaintiff's charging, prosecution, and conviction.

37. All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to: (a) all Communications to and from said expert(s); (b) all Documents provided to and relied upon by said expert(s); and (c) any transcripts of prior testimony or Rule 26 reports of said expert(s). To the extent responsive Documents become available as the litigation proceeds, please supplement your Responses.

38. Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please supplement your Responses.

39. All Documents relating to or supporting Defendants' Affirmative Defenses or Answers to Plaintiff's Complaint in this action, including all Documents upon which you may rely upon at trial.

40. All Documents which support or relate to any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case.

41. All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Individual Defendant ever received from the Chicago Police Department.

42. All policies, procedures, general orders, special orders, and/or employee manuals relating to how to conduct a felony crime investigation.

43. All policies, procedures, general orders, special orders, and/or employee manuals relating to how to conduct an investigation into crimes resulting in an officer being injured in the line of duty.


42. Defendant City of Chicago Only: A complete copy of any policies or procedures relating to the discipline of police officers or to disciplinary proceedings from October 2001 to the present day.

43. Defendant City of Chicago Only: All Documents from October 2001 to the present day relating to any written policy or procedure of the City of Chicago or the Chicago Police

Department, including but not limited to written policies and procedures on any of the following subjects:

    a. documenting or memorializing the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded;

    b. conducting, documenting, or memorializing photo or in-person lineups, or any other type of identification procedures;

    c. conducting, documenting, or memorializing interrogations, interviews or questioning of suspects and witnesses who are 18 years old or older, including video- or audio-recording such interrogations;

    d. conducting, documenting, or memorializing interrogations, interviews or questioning of suspects and witnesses under the age of 18, including video- or audio-recording such interrogations;

    e. writing, filing, retaining, storing, or destroying police investigative material, including witness statements, reports, and notes during the course of an investigation;

    f. disclosing exculpatory evidence to suspects, criminal defendants, or prosecutors;

    g. providing testimony in court;

    h. reporting, investigating, identifying, tracking, or reviewing allegations of officer misconduct;

    i. disciplining or supervising police officers who engage in misconduct.

44.     Defendant City of Chicago Only: All Documents identifying any policymaker who was responsible for or had final policymaking authority for any policy or procedure of the Chicago Police Department from October 2001 to the present on any of the subjects identified in Request for Production No. 42, above, as well as all Documents relating to any effort of those policymaker(s) to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any such policy or procedure.

45.     Defendant City of Chicago Only: All Documents relating to any change made to any policy or procedure on any of the subjects identified in Request for Production 42, above.

46.     Defendant City of Chicago Only: All Documents relating to any training that any Individual Defendant received in connection with his employment, including but not

limited to training on any of the following subjects:

    a. documenting or memorializing the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded;

    b. conducting, documenting, or memorializing photo or in-person lineups, or any other type of identification procedures;

    c. conducting, documenting, or memorializing interrogations, interviews or questioning of suspects and witnesses who are 18 years old or older, including video- or audio-recording such interrogations;

    d. conducting, documenting, or memorializing interrogations, interviews or questioning of suspects and witnesses under the age of 18, including video- or audio-recording such interrogations;

    e. writing, filing, retaining, storing, or destroying police investigative material, including witness statements, reports, and notes during the course of an investigation;

    f. disclosing exculpatory evidence to suspects, criminal defendants, or prosecutors;

    g. providing testimony in court;

    h. reporting, investigating, identifying, tracking, or reviewing allegations of officer misconduct;

    i. disciplining or supervising police officers who engage in misconduct.

47.    Defendant City of Chicago Only: All Documents from October 1997 to October 2002 relating to every instance in which an employee of the Chicago Police Department was subject to any form of discipline for failing to follow policies or procedures on any of the following subjects:

    a. documenting or memorializing the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded;

    b. conducting, documenting, or memorializing photo or in-person lineups, or any other type of identification procedures;

    c. conducting, documenting, or memorializing interrogations, interviews or questioning of suspects and witnesses, including video- or audio-recording such interrogations;

    d. writing, filing, retaining, storing, or destroying police investigative material, including witness statements, reports, and notes during the course of an investigation;

    e. disclosing exculpatory evidence to suspects, criminal defendants, or prosecutors;

    f. providing testimony in court;

    g. reporting, investigating, identifying, tracking, or reviewing allegations of officer misconduct;

    h. disciplining or supervising police officers who engage in misconduct.

48. Defendant City of Chicago Only: All Documents related to homicide and police-related shooting investigations in the period from 1983 (*i.e.*, the enactment of Special Order 83-1 regarding the maintenance and disclosure of homicide and police-related shooting incidents files) through 2005 (*i.e.*, year of Plaintiff's conviction). This request includes each and every unit of the Chicago Police Department in which Documents related to homicide investigations are stored or maintained, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

49. Defendant City of Chicago Only: All Documents related to homicide/police shooting investigations in the period from 1983 (*i.e.*, the enactment of Special Order 83-1 regarding the maintenance and disclosure of homicide and police-related shooting incident files) through 2005 (*i.e.*, year of Plaintiff's conviction) where there was any claim of actual or alleged withholding of exculpatory or impeaching information from a criminal defendant. This request includes each and every unit of the Chicago Police Department in which Documents related to homicide investigations are stored or maintained, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

50. Defendant City of Chicago Only: All Documents related to any Complaint against any Chicago Police Department officer from 1996 to 2006 (the five years prior to and five years after the Investigation of the Patrick Doyle Shooting) alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative Complaints filed in state or federal courts or agencies alleging police or

prosecutorial misconduct. This request specifically seeks but is not limited to (a) the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint, and (b) the complete file for each Complaint within the period specified in this request.

51.     Defendant Cook County Only: All Documents related to any policies, rules, or procedures in effect at any point from 2001 to the present regarding the storage, maintenance, or destruction of prosecutors' files.

52.     Individual Defendants Only: A photograph showing your appearance at or near the time of the outset of Investigation of the Patrick Doyle Shooting.

53.     Individual Defendants Only: All Documents relating to your total financial net worth, including, but not limited to:

    a. All Documents relating to any assets in your possession with a value in excess of $2,500;

    b. Copies of all monthly statements for the period 2020 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;

    c. Copies of any insurance policy in which you are either the beneficiary or have any other ownership interest;

    d. A copy of the deed to your residence(s). If you do not own your home, please produce a copy of a current lease;

    e. A copy of the title to your automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity you may have in said automobile(s);

    f. All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

    g. A copy of your last four pay stubs relating to any employment in which you are engaged, including but not limited to the Chicago Police Department;

    h. All Documents relating to any mortgage applications signed by you in the past four years; and

    i. Copies of your three most recent state and federal tax returns;

    j. All Documents reflecting the transfer of assets exceeding $10,000, including but not limited to such transfers in the form of a gift, or into a trust.

54. Individual Defendants Only: All Documents that support a defense by you in this litigation that an award of punitive damages would cause a financial hardship.

55. Individual Defendants Only: All Documents reflecting any Communications you have made regarding this case or the Investigation of the Patrick Doyle Shooting including but not limited to FaceBook messages or posts, Twitter messages, Instagram messages or any other social media or text message.

56. Individual Defendants Only: Any and all statements you have made regarding this case, including but not limited to any statements made to the media.

57. Individual Defendants Only: Any journal or diary entries that relate in any way to the claims and/or defenses raised in this case.

Respectfully Submitted,

**MARCELOUS PITTMAN**

/s/ Julia Rickert
*One of Plaintiff's Attorneys*

Jon Loevy
Julia Rickert
Renee Spence
Loevy & Loevy
311 North Aberdeen St. 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

      I, Julia Rickert, certify that I served the forgoing Plaintiff's First Request to Produce Documents on All Defendants to all counsel of record via electronic mail on June 28, 2024.

                                                          /s/ Julia Rickert