IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLNOIS
EASTERN DIVISION

| | |
|---|---|
| MARCELOUS PITTMAN, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 23-CV-14786 |
| v. | ) |
| | ) Hon. Georgia N. Alexakis |
| JOHN HALLORAN, et al., | ) |
| *Defendants*. | ) |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTION CHALLENGING PLAINTIFF'S PRIVILEGE ASSERTIONS AND OBJECTIONS OVER PLAINTIFF'S MEDICAL, MENTAL HEALTH AND SUBSTANCE ABUSE RECORDS**

Defendants John Halloran, James O'Brien, Michael Clancy, Ronnie Lewis, John Foster, John Henry, Geri Yanow as Special Representative of the Estate of Patrick McCormack and Deborah Helfenbein as Special Representative of the Estate of Eileen O'Donnell ("Defendant Officers"), Defendant Karin Wehrle and the City of Chicago ("City"), (collectively referred to herein as "Defendants"), by their undersigned counsel, in support of their Joint Motion Challenging Plaintiff's Privilege Assertions and Objections Over Plaintiff's Medical, Mental Health and Substance Abuse Records ("Joint Motion"), state:

**INTRODUCTION**

Plaintiff wants the best of both worlds. He wants to maintain claims for severe and permanent mental health injuries, yet also hold the ability to police his mental health records on the notion that he might one day change his mind and claim injuries that are far less severe. The chance of that happening is less than slim-to-none. There is nothing "common sense" or "workable" about the approach Plaintiff advocates, which is why so many other courts have rejected it. He simply wants an opportunity to block Defendants from having access to potentially

harmful evidence, before Defendants become aware of it. But whether the privilege has been waived is a binary question, not something to be considered on a sliding scale where Plaintiff gets to cherry pick which records Defendants can and cannot see. Once the privilege is waived, it is waived, and Defendants are entitled to discovery of Plaintiff's mental state without interference from so-called "workable" or "common sense" roadblocks conjured up by Plaintiff. (Pl's Response., Dkt. 109, p. 3) ("Resp.").

## ARGUMENT

### I. The party asserting the privilege bears the burden of establishing the privilege applies.

As a preliminary matter, Plaintiff incorrectly asserts that Defendants bear the burden of establishing that they are entitled to discover Plaintiff's mental health records citing *Holmes v. Hernandez*, 221 F. Supp. 3d 1011, 1016 (N.D. Ill. 2016). (Resp., at p. 11). Not true. First and foremost, *Holmes* deals with the government's assertion of the deliberative process privilege and does not address the privilege at issue here regarding Plaintiff's medical and mental health records. *Id*. at 1015. Regardless, *Holmes* clearly states that, in the first instance, it is the party *asserting* the privilege who bears the burden of establishing the privilege applies. *Id.* at 1016 (emphasis added). This is consistent with other cases construing the applicability of privilege where, like here, the plaintiff is claiming the psychotherapist-patient privilege applies. *Ligas v. Maram*, 2011 WL 2316940, * 7 (N.D. Ill. Aug. 10, 2007) (citing *United States v. Evans*, 113 F. 3d 1457, 1461 (7th Cir. 1997)); *Matz v. Fifth Third Sec., Inc.*, 2009 U.S. Dist. LEXIS 50562, *8 (N.D. Ind. June 15, 2009) ("the holder of the privilege bears the burden of proving the privilege applies").

2

**II. Plaintiff has no privilege to protect because it has already been waived.**

**A. This Circuit's precedent establishes a broad approach to waiver.**

Consistent with Seventh Circuit precedent, and along with the Sixth, Eighth, and Tenth Circuits, Plaintiff waived the psychotherapist-patient privilege by alleging damages that place his psychological state at issue. *Doe v. Oberweis*, 456 F. 3d 704, 718 (7th Cir. 2006); *Fisher v. Southwestern Bell Telephone Co.*, 361 Fed. Appx. 974, 978 (10th Cir. 2010) (holding the plaintiff waived the psychotherapist-patient privilege because her "request for emotional-distress damages placed her psychological state in issue and entitled [the defendants] to discover her therapy records"); *Simon v. Cook*, 261 Fed. Appx. 873, 886 (6th Cir. 2008) (holding the plaintiff waived the psychotherapist-patient privilege because he "placed his mental state at issue"); *Maday v. Public Libraries of Saginaw*, 480 F. 3d 815, 821 (6th Cir. 2007) (same).

Although Plaintiff claims that Defendants have misconstrued the holding in *Oberweis*, several other courts have confirmed Defendants' reading and determined that *Oberweis* adopted the broad approach to waiver of the psychotherapist-patient privilege. *See Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 511 (N.D. Ill. 2018) ("This Court believes that the Seventh Circuit in *Doe v. Oberweis Dairy*, 456 F. 3d 704 (7th Cir. 2006) applied the waiver of the psychotherapist-patient privilege broadly… this Court's belief is supported in three ways…"); *Taylor v. City of Chicago*, 2016 U.S. Dist. LEXIS 133715, at * 8 (N.D. Ill. Sept. 18, 2016) ("Despite its terseness… the rule espoused in *Oberweis* is straightforward and unequivocal…*Oberweis* tells us precisely when [waiver] occurs; a plaintiff places his or her psychological state in issue 'by seeking damages for emotional distress'"); *See* Order from *Flores v. Guevara*, Dkt. 75 (N.D. Ill. Mar. 6, 2024), Ex. I to Defs' Joint Motion ("The plaintiff argues that he has not yet put his mental state at issue because he may choose to seek only 'garden variety' emotional damages… *Oberweis* – which

3

states that a defendant is entitled to 'any records' of a plaintiff's mental state when it has been put in issue – does not suggest such a limitation…"); *Hardy v. City of Milwaukee*, 2014 WL 12651233, at * 1 (E.D. Wisc. May 19, 2014) ("[Plaintiff continues to cite federal district court cases for the proposition that a plaintiff who elects to limit his emotional distress claim to 'garden-variety' emotional damages rather than psychological injuries has not waived the psychotherapist-patient privilege. Controlling Seventh Circuit precedent holds otherwise."); *Flowers v. Owens*, 274 F.R.D. 218, 224 (N.D. Ill. April 21, 2011) ("And, the phrasing in *Oberweis Dairy* arguably supports a narrow view of the privilege even where the emotional damages are claimed to be 'garden variety'… [*Oberweis* did not] use the phrase 'garden variety.' Instead, the Seventh Circuit said: "[I]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state"); *Glidwell v. S. Ill. Hosp. Servs.*, 2023 WL 2895147 (S.D. Ill. Apr. 11, 2023) ("In *Doe v. Oberweis Dairy*, the Seventh Circuit addressed the issue, apparently adopting the broad approach"); *Beltran v. Cty. of Santa Clara*, 2009 WL 248207, at * 2 (N.D. Cal. Jan. 30, 2009) (characterizing the Seventh Circuit's opinion in *Oberweis* as the "broad approach" and finding waiver where emotional distress damages are asserted).

Plaintiff's argument that cases finding waiver only did so at the end of the discovery is false. Plaintiff has not cited a single case where a court found that the time remaining in fact discovery factored into whether a party has waived the psychotherapist-patient privilege, and for a very good reason. It does not make sense. Once a Plaintiff takes a position putting his mental health squarely at issue in the lawsuit, the privilege is waived, regardless of when that position is taken. Moreover, even assuming there was some authority for Plaintiff's novel proposition, the discovery timeline in this case weighs in favor of waiver. Plaintiff has consistently advocated for

4

an extremely short discovery timeline in this case and, less than two weeks prior to filing this response, opposed Defendants' request for additional time to conduct fact discovery even though oral discovery had not yet begun and only five months remained (now four) in the current fact discovery schedule. (*See* JSR, Dkt. 101, p. 6). The time remaining in discovery weighs in favor of denying Plaintiff's request for prior review of his mental health records.

Based upon this Circuit's precedent, there is no question to resolve and no point in delaying the inevitable. Plaintiff's pleadings and discovery responses confirm that he is claiming that he suffered dramatic mental health injuries and, therefore, has waived the psychotherapist-patient privilege. His Complaint claims he suffered "tremendous" and "grievous" emotional and psychological injuries and further claims that he suffered "*great mental anguish*, humiliation, degradation, *emotional pain and suffering*, and other grievous and continuing injuries," including "*emotional distress*," "*psychological injury*" and other "*permanent* injuries and damages." (*See* Pl's First Amended Compl., Dkt. 69, ¶¶ 117, 157, 196, 199). Moreover, in response to discovery aimed at ascertaining the extent of his claims of psychiatric, psychological and/or emotional injuries, Plaintiff not only adopted the allegations in his Complaint but went further, alleging that "Plaintiff was required to live in conditions that are inhumane and damaging to physical and *mental health*" and further claims that as a result of Defendants' misconduct "Plaintiff suffered tremendous damage, including physical injury, *psychological trauma*, and *emotional damages*" that he "will be dealing with for the rest of his life." (*See* Ex. A to Defs' Joint Motion, pp. 13-14; Dkt. 69, ¶¶ 105, 111). It is hard to image what could be privileged and off limits in discovery with these alleged injuries.

Plaintiff cannot now pretend that he *might* one day walk back his claims of severe and life altering psychological and emotional damages simply to block Defendants' access to relevant

5

mental health records. Plaintiff pays lip-service to being the "master of his complaint" while ignoring that *his* pleadings and discovery responses have already framed the issue and established waiver. Plaintiff also pays lip-service to the fanciful notion that he "could" limit his claims to garden-variety emotional damages (which would still result in waiver), but he thus far has made no effort to do so, either in his discovery responses or during Rule 37.2 discussions on this issue. Plaintiff only mentions it now in opposition to Defendants' request to enter a HIPAA-compliant order, knowing it will never happen.[1] As the "master of his complaint," Plaintiff could have limited his psychological damages claim to "garden-variety" when he filed his Complaint or even when he answered written discovery. But he did not. We are now far beyond what Plaintiff "could" do with his lawsuit and should instead focus on what he did do, which establishes that any applicable psychotherapist-patient privilege has been waived. (*See* Defs' Joint Mtn, Ex. I, Order from *Flores v. Guevara*, Dkt. 75, p. 2) ("It may be true, as Plaintiff argues, that he is the 'master of his complaint,' and could therefore reshape his damage claims, but based on what he has alleged to date, discovery regarding the state of his mental health is clearly appropriate.").

### B. Plaintiff has waived the psychotherapist-patient privilege even under the garden-variety approach.

Even assuming for argument's sake there was precedent in this Circuit establishing that a "garden-variety" approach to waiver should be considered, Plaintiff has nonetheless waived the psychotherapist-patient privilege under these circumstances because his allegations far exceed typical garden-variety damages and because he has alleged a separate tort specifically for emotional distress.

---

[1] Plaintiff also disingenuously accuses Defendants of arguing hypotheticals while also clearly asserting hypotheticals of his own. The Court does not need to consider any hypotheticals, however, because Plaintiff's pleadings and written discovery responses confirm that the privilege has been waived.

First and foremost, to the extent that Plaintiff incorrectly asserts that the garden-variety approach requires that Plaintiff make "a claim of emotional injury specific enough to involve records of treatment of a particular condition" (Resp., p. 5), that misconstrues the case law as well as the nature and extent of this approach. Courts that have applied the garden-variety inquiry conclude a plaintiff waived the privilege when he has claimed either (1) *a separate tort for emotional distress*, (2) specific psychiatric injury or (3) *unusually severe distress*. *Caine v. Burge*, 2012 U.S. Dist. LEXIS 182097, *7-8 ("The so-called 'middle ground' approach holds that '[w]here a plaintiff merely alleges 'garden variety' emotional distress and **neither alleges a separate tort for the distress**, any specific injury or disorder or **unusually severe distress**, that plaintiff has not placed his/her mental condition at issue to justify a waiver of the psychotherapist-patient privilege.'"); *Beltran*, 2009 U.S. Dist. LEXIS 129956 at * 5-6 ("courts following the middle or 'limited broad' approach find waiver where a plaintiff alleges more than 'garden variety' emotional distress; that is, courts limit waiver to allegations of a separate tort for emotional distress, specific psychiatric injury, or unusually severe distress"); *Jackson v. Chubb Corp.,* 193 F.R.D. 216 (D.N.J. 2000) (same). Here, Plaintiff covered all three bases.

As explained in Defendants' Joint Motion, and again in Section II. A. above, Plaintiff's allegations and written discovery responses clearly allege unusually permanent emotional, psychological and mental health injuries that he will be dealing with for the rest of his life as a result of being wrongfully convicted and imprisoned for years. Indeed, as other courts have explained, "[i]t is hard to conceive of any situation in which these emotional damages claims constitute 'garden variety.'" (*See* Defs' Joint Mtn, Ex. F, Order in *Coleman v. City of Chicago*, Dkt. 180, p. 5). It is so hard, in fact, that it is disingenuous for Plaintiff to even try. Regardless of whether the "severity of the damage is determined by the jury" (Resp., p. 9), the garden-variety

approach hinges on Plaintiff's own characterization of his damages and the claims he has pursued. *See e.g. Taylor*, 2016 U.S Dist. LEXIS 133715 at * 6 (waiver under the garden-variety approach depends on how a plaintiff characterizes her emotional harm). And based upon Plaintiff's characterization of his own injuries, he has waived the psychotherapist-patient privilege under this approach.

Even if he had not claimed unusually severe distress and even if he had used the magic words "garden variety," he still would have waived the privilege by bringing a claim against Defendants for intentional infliction of emotional distress separate and apart from the damages pursuant to his §1983 claims. (*See* Defs' Joint Mtn, Ex. G, Order in *Jakes v. Boudreau*, Dkt. 110, p. 5 (citing *Gross v. Chapman*, 2020 WL 4430564, * 4 ("Plaintiff asserts a state-law tort claim for intentional infliction of emotional distress ("IIED"), which by its very terms requires Plaintiff to prove that Defendants' conduct caused him 'severe emotional distress'… Thus, because Plaintiff's mental health is 'clearly at issue' as an element of his claim, he has waived the psychotherapist-patient privilege")); *accord Caine*, 2012 U.S. Dist. LEXIS 182097 at *7-8; *Beltran*, 2009 U.S. Dist. LEXIS 129956 at * 5-6; *Jackson.,* 193 F.R.D. 216. Thus, Plaintiff has also waived the psychotherapist-patient privilege under the garden-variety approach by pursuing a claim for intentional infliction of emotional distress.

### III. Plaintiff's privacy concerns do not weigh in favor of his proposed prior review procedure.

Last but not least, Plaintiff's privacy concerns (*see* Resp., pp. 4-5) over his mental health records do not weigh in favor of his proposal to conduct a prior review of his mental health records. Our Supreme Court specifically struck down the Seventh Circuit's use of such a balancing test to determine whether the psychotherapist-patient privilege has been waived. *See Jaffee v. Redmond*, 518 U.S. at 15, 17 (1996) ("We reject the balancing component of the privilege…Making the

promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege.").

Moreover, waiver of the privilege at this stage of discovery does not automatically translate into the public disclosure or even admissibility of the evidence at trial. The court is still the gatekeeper of the ultimate admissibility of the evidence through a Rule 403 balancing analysis at trial. A protective order, and a direction that any of the disclosed material filed with the court must be done under seal, will protect the Plaintiff's privacy rights. *See Johnson v. Rogers*, 2018 U.S. Dist. LEXIS 233173, *11-12 (S.D. Ill. Apr. 20, 2018) (citing *E.E.O.C v. California Psychiatric Transitions*, 258 F.R.D. 391, 399-400 (E.D. Cal. 2009)).

Finally, to the extent Plaintiff believes there may be "situations unanticipated by the Court where it would offer protection to sensitive information that has nothing to do with the litigation," the HIPAA order Defendants have proposed specifically allows for objections based upon relevance and/or other valid discovery objections. Indeed, "the exceedingly slim prospect that records relevant to the Plaintiff's mental health history will not be relevant to his claims of damage to his mental health caused by defendants' alleged conduct does not warrant turning the standard discovery process on its head. If there are records produced that are not relevant to the plaintiff's claims of emotional distress (i.e., outside the scope of documents he has put in issue), nothing in this order precludes him from seeking to have them sealed and/or barred as evidence due to their lack of relevance." (*See* Defs' Joint Mtn, Ex. I, Order from *Flores*, Dkt. 75, p. 2).

Of course, the Court need not waste time on this sort of speculative hypothetical, because as Plaintiff has already confirmed, "it is highly unlikely that at the end of the day there will not be any document over which the psychotherapist-patient privilege might be asserted." (Resp., p. 3).

9

Moreover, Plaintiff would know whether he received treatment that had "nothing to do with the litigation" and as explained in Defendants' Joint Motion, was specifically asked about this issue but could not articulate any such instance or concern. (*See* Defs' Joint Mtn, p. 11; *see also* Ex. D to Defs' Joint Mtn, p. 1). Moreover, it is Defendants' position that any prior psychological or mental health injuries Plaintiff received and/or sustained prior to his arrest would still be relevant to his damages. The best way to handle that situation is at the motion *in limine* stage, not discovery.

## Conclusion

For the reasons set forth above, the Defendants respectfully request that this Court grant their motion and enter an order finding that Plaintiff has waived the psychotherapist-patient privilege over his medical and mental health and substance abuse treatment records and enter Defendants' proposed HIPAA and Mental Health Protective Order, pursuant to Federal Rule of Civil Procedure 26(b)(1) which complies with 45 CFR 164.512(e) and 740 ILCS 110/10(d) and for such further relief as this Court deems appropriate.

Dated: October 3, 2024                                                     Respectfully submitted,

*/s/ Brittany D. Johnson-Delgado*                          */s/ Alexis M. Gamboa*
Special Assistant Corporation Counsel                Special Assistant Corporation Counsel
*One of the attorneys for Defendant Officers*        *One of the Attorneys for Defendant City*

Eileen E. Rosen                                                             James G. Sotos
Patrick R. Moran                                                          Lisa M. Meador
Andrew J. Grill                                                              Joseph M. Polick
Brittany D. Johnson-Delgado                                     George J. Yamin, Jr.
Rock Fusco & Connelly, LLC                                    Alexis M. Gamboa
333 West Wacker Drive, 19th Floor                        Claudia F. Fantauzzo
Chicago, IL 60606                                                       Special Assistant Corporation Counsel
Phone: (312) 494-1000                                              THE SOTOS LAW FIRM, P.C.
Email: erosen@rfclaw.com                                       141 W. Jackson Blvd., Suite 1240A
           pmoran@rfclaw.com                                      Chicago, IL 60604
           agrill@rfclaw.com                                            (630) 735-3300
           bjohnson@rfclaw.com                                    jsotos@jsotoslaw.com
                                                                                       lmeador@jsotoslaw.com
                                                                                       jpolick@jsotoslaw.com

10

gyamin@jsotoslaw.com
agamboa@jsotoslaw.com
cfantauzzo@jsotoslaw.com

*/s/ Michael C. Stephenson*
*One of the Attorneys for Karin Wehrle*

Robert T. Shannon
Michael C. Stephenson
Danielle A. Mikhail
HINSHAW & CULBERTSON LLP
151 N. Franklin, Ste. 2500
Chicago, IL 60606
(312) 704-3000
rshannon@hinshawlaw.com
mstephenson@hinshawlaw.com
dmikhail@hinshawlaw.com