**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Marcelous Pittman, | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-14786 |
| v. | ) | |
| | ) | Judge Georgia N. Alexakis |
| John Halloran, *et. al.* | ) | |
| Defendants. | ) | |

**PLAINTIFF'S EMERGENCY MOTION TO ENJOIN DEFENDANTS' FROM <u>VIOLATING THE COURT'S ORDER</u>**

Plaintiff Marcelous Pittman, by and through his attorneys, asks the Court to enjoin Defendant John Halloran from violating the Court's August 27, 2026 order in his deposition, stating in support as follows:

**INTRODUCTION**

This Court declined to impose subject-matter restrictions on Defendant John Halloran's deposition, denying Defendants' motion for a protective order during August 27, 2026 hearing. Ex. A (August 27, 2026 Hrg. Tr.) at 82:7-8; ECF No. 259. The same day, the Court granted Plaintiff's motion to compel Halloran to sit for his deposition by September 17, 2026. Ex. A at 84:6-7; ECF No. 259. The parties then agreed on September 14, 2026 as the deposition date, a date of Halloran's choosing. But on Friday evening, more than two weeks after the hearing, counsel for Defendant Halloran sent a letter to Plaintiff's counsel saying that they will suspend Halloran's deposition and again move for a protective order if Plaintiff asks questions that this Court has explicitly ruled Plaintiff is entitled to ask. Plaintiff has urged Defendants to comply with the Court's ruling but has been met with brazen and rude refusals. Plaintiff now has no

choice but to move this Court to enjoin Defendant Halloran from suspending or delaying his deposition in violation of the Court's August 27, 2026 order. At a later date, Plaintiff will file a separate motion requesting sanctions to compensate Plaintiff's counsel for the time spent dealing with this highly improper conduct.

## BACKGROUND

Defendant Halloran was supposed to be deposed on February 11, 2026, but canceled the day before on the basis of a medical emergency. After much prodding, Defendants provided a new date, August 26, meaning the deposition would be taken just days before the close of discovery. Plaintiff agreed to that date and issued proper notice.

On August 24, 2026 Defendant Halloran moved for a protective order to limit the scope and duration of his deposition, ECF No. 250. He refused to appear for his deposition on August 26. The next day, the Court heard argument on the protective order motion and denied it unambiguously, explicitly rejecting a request from Halloran's counsel for leave to instruct his client not to answer certain questions, as reflected in the following exchange:

> **Mr. Moran**: Judge, can I ask for one thing, I guess? Understanding your order…I would ask though that we be given leave to instruct him not to answer when we think it has crossed the line.
> **The Court**: No, no.
> **Mr. Moran**: No? All right.
> **The Court**: That request is denied.

Ex. A at 82:9-16.

The Court further granted Plaintiff's oral motion to compel Defendant Halloran's deposition, ordering that the deposition be completed by September 17, 2026. Ex. A at 84:6-7; ECF No. 259.

Following the hearing, Defendant Halloran's deposition was re-scheduled for Monday, September 14, 2026, at 10:00 a.m. But on Friday, September 11, 2026, at 5:06 p.m., more than two weeks after the Court denied Halloran's protective order motion, counsel for Halloran informed Plaintiff's counsel by emailed letter that if Plaintiff asks questions about "duplicative topics covered in other depositions taken by your office, [Defendant] will suspend the deposition pursuant to Fed. R. Civ. P 30 and move for a protective order." Ex. B (Letter from Collin Smith to Pl.'s Counsel, Sept. 11, 2026). They contend Plaintiff's counsel has somehow committed to subject matter restrictions, which is false.

Counsel for Plaintiff responded that Defendant's threat to suspend Halloran's deposition was inappropriate and violated the Court's August 27, 2026 ruling. Ex. C (Letter from Julia Rickert to Collin Smith, Sept. 12, 2026). Plaintiff's counsel asked Defendant to withdraw his letter. *Id.* Defendant's counsel declined and again reiterated their plan to suspend Halloran's deposition should Plaintiff ask questions about his "background/CR/discipline/404b territory previously covered in other depositions." Ex. D (Email from Patrick Moran to Julia Rickert, Sept. 12, 2026). Counsel for Plaintiff again emphasized that any attempt to impose subject-matter restrictions on Defendant Halloran's deposition was unsupported and contrary to the Court's ruling, and again asked that Defendant retract his letter so as not to burden the Court with a dispute that it has already resolved. Ex. E (Letter from Lindsay Hagy to Patrick Moran, September 13, 2026). Defendant again declined, and explained that he would invoke Rule 30 if Plaintiff's questioning "on background/CR's/discipline, etc. crosses the line," Ex. F (Email from Patrick Moran to Pl.'s Counsel, September 13, 2026), whatever "crosses the line" means when the Court has said there is no line.

Unfortunately, Defendant's conduct has left Plaintiff with no option but to seek emergency court intervention to avoid further delay in completing Defendant Halloran's deposition.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 26 vests the courts with broad discretion "to manage discovery disputes and tailor discovery as appropriate." *Est. of Loury by Hudson v. City of Chicago*, No. 16-CV-04452, 2017 WL 11562006, at *1 (N.D. Ill. Mar. 14, 2017). Once the court has ruled on a discovery dispute, the parties are required to comply with the order. *See Maness v. Meyers*, 419 U.S. 449, 459 (1975). Violation of the court's order exposes the violator to potential findings of contempt and sanctions. *Id.* at 458 ("Persons who make private determinations of the law and refuse to obey an order generally risk [] contempt…."); Fed. R. Civ. P. 37(b)(2)(A) (permitting the court to order sanctions when a party "fails to obey an order to provide or permit discovery.").

**ARGUMENT**

This Court should reject Halloran's attempt to obstruct Plaintiff from questioning him. The Court unequivocally denied Defendant Halloran's motion for a protective order, ECF No. 259, and explained that the Court would not impose any subject-matter limits on Halloran's deposition, Ex. A at 81:21 ("I've already said that I'm not limiting with respect to scope"). The Court confirmed that Halloran may not withhold testimony on his background and history of misconduct. *Id.* at 82:9-16.

Now, in direct contravention of the Court's order, Halloran's counsel attempts to resuscitate the issue by threatening to suspend Halloran's deposition if questions about his history of misconduct are asked, calling questions on this topic harassment. Ex. F. This attempted

recasting does not change the reality that Defendant Halloran is directly defying the Court's August 27, 2026 order. As counsel for Halloran explains, they "will suspend the deposition pursuant to Fed. R. Civ. P. 30 and move for a protective order" if Plaintiff asks questions on "duplicative topics covered in other depositions taken by [Plaintiff's counsel's] office." *See* Ex. B at 1; *see also* Ex. D (seeking to enforce a purported agreement not to "cover the same background/CR/discipline/404(b) territory previously covered in other depositions" and threating to halt the depositions if "the questioning crosses the line"). This is the same argument they made to the Court and that the Court rejected.

In short, there is no legal basis for Halloran to halt the deposition based on subject matter, and the threat to do so is an attempt at obstruction. The Court has ruled on this exact issue, and Halloran has not filed a motion for reconsideration (indeed, no new facts or law would justify one). The Court's order must be complied with.

DATED: September 13, 2026

Respectfully submitted,

/s/ Annalise Wagner
*Attorneys for Plaintiff*
Jon Loevy (jon@loevy.com)
Julia Rickert (julia@loevy.com)
Renee Spence (spence@loevy.com)
Lindsay Hagy (lindsay@loevy.com)
Annalise Wagner (wagner@loevy.com)
Loevy & Loevy
311 N. Aberdeen St. 3rd Floor
Chicago, Illinois 60607
(312) 243-5900